No. 2013-1649, 2013-1653, 2013-1654

# In the United States Court of Appeals for the Federal Circuit

BIAX CORP.,

*Plaintiff-Appellant,*

– v. –

NVIDIA CORPPRATION

*Defendant-Cross Appellant,*

&

SONY COMPUTER ENTERTAINMENTT AMERICA INC. and SONY ELECTRONICS, INC.,

*Defendants-Cross Appellants.*

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CASE NO. 09-CV-1257
HON. PHILIP A. BRIMMER.

————————

## REPLY BRIEF OF DEFENDANTS-CROSS APPELLANTS
————————

Chris R. Ottenweller
Alex V. Chachkes
Donald E. Daybell
Brian P. Goldman
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Mark S. Davies
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400

David Rokach
KIRKLAND & ELLIS
LLP
300 North LaSalle
Chicago, IL 60654

*Attorney for Sony
Computer Entertainment
America LLC
& Sony Electronics, Inc.*

*Attorneys for NVIDIA Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ ii

ARGUMENT.............................................................................1

I.    DORSEY DOES NOT DISPUTE THE FACTS RELIED UPON BY DEFENDANTS' CROSS-APPEAL................................3

II.   DORSEY FAILS TO IDENTIFY ANY VIABLE BASIS FOR THE DISTRICT COURT'S EXERCISE OF DISCRETION ...........4

III.  DORSEY'S ARGUMENT REGARDING DIFFERENCES BETWEEN § 285 AND § 1927 IS MERITLESS .............................8

IV.  DORSEY'S MISCONDUCT IS REINFORCED BY THE PARTIES' POSITIONS ON APPEAL...........................................11

CONCLUSION ......................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*,
   607 F.3d 817 (Fed. Cir. 2010) ...............................................................9

*Doyle v. Oklahoma Bar Ass'n*,
   998 F.2d 1559 (10th Cir. 1993) ...........................................................6

*Dreiling v. Peugeot Motors of Am., Inc.*,
   768 F.2d 1159 (10th Cir. 1985) ...........................................................6

*E-Pass Technologies, Inc. v. 3Com Corp.*,
   Nos. C-00-2255-DLJ, C-03-4747 DLJ, C-04-0528 DLJ,
   2007 WL 4170514 (N.D. Cal. Nov. 14, 2007)..................................9-10

*Eon-Net LP v. Flagstar Bancorp*,
   653 F.3d 1314 (Fed. Cir. 2011) ......................................................2, 7

*Hamilton v. Boise Cascade Express*,
   519 F.3d 1197 (10th Cir. 2008) ......................................................4, 5

*Nexmed Holdings, Inc. v. Block Inv., Inc.*,
   No. 2:04-CV-288 TS, 2006 WL 1880156 (D. Utah July 6,
   2006) .................................................................................................10

*Onstar, LLC v. Micral, Inc.*,
   No. 1:08 CV 2047, 2010 WL 2756951 (N.D. Ohio July 12,
   2010) ...................................................................................................9

*Raylon, LLC v. Complus Data Innovations, Inc.*,
   700 F.3d 1361 (Fed. Cir. 2012) ...........................................................9

*Steinert v. Winn Group, Inc.*,
   440 F.3d 1214 (10th Cir. 2006) ......................................................5, 7

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013) ......................................................2, 7

## STATUTORY AND REGULATORY MATERIALS

**FEDERAL STATUTES**

28 U.S.C § 285 ................................................................. 8, 9, 10

28 U.S.C. § 1927 .............................................................. Passim

# ARGUMENT

NVIDIA Corp., Sony Computer Entertainment America, Inc. and Sony Electronics, Inc.'s, opening brief explained why the factual findings of the district court dictate an award of § 1927 fees under Tenth Circuit precedent.  BIAX's counsel, Dorsey & Whitney LLP ("Dorsey"), aggressively pursued infringement assertions that were found to have "prolonged the litigation in bad faith" by "essentially ignoring the Court's previous rulings."  A11-13.  This easily meets the Tenth Circuit standard for § 1927, which does not even require bad faith.  The district court's stated basis for declining to award § 1927 fees—that Dorsey's misconduct is shielded by the principle of "zealous advocacy"—is legally erroneous and thus necessarily an abuse of discretion.

In response, Dorsey does not dispute the underlying facts relied upon by Defendants' cross-appeal.[1]  Dorsey does not take issue with the district court's factual findings regarding bad faith disregard of court orders.  Nor is there any dispute that Dorsey is the one who was directly engaged in the misconduct found by the district court.

---

[1] BIAX has not filed an opposition to Defendants' cross-appeal.

Instead, Dorsey offers generalized assertions that § 1927 requires an "extreme standard" and is not intended to discourage "legitimate zeal" in representing clients.  But the misconduct found by the district court here is the exact opposite of "legitimate" advocacy.  It is hard to imagine what conduct contemplated by § 1927 would be more illegitimate and more "extreme" than attorneys who seek to press infringement accusations through bad faith disregard of court orders.

The only alleged basis offered by Dorsey for exempting its misconduct from a fee award under § 1927 (and the only basis found by the district court) is that Dorsey was engaged in "zealous advocacy" on behalf of a client.  But "zealous advocacy" is not a license for bad faith disregard of court orders.  Although this Court explicitly stated as much in *Taurus IP, LLC v. DaimlerChrysler Corp.,* 726 F.3d 1306 (Fed. Cir. 2013) and *Eon-Net LP v. Flagstar Bancorp,* 653 F.3d 1314 (Fed. Cir. 2011), Dorsey conjectures that the Tenth Circuit may hold otherwise. But this conjecture is rebutted by numerous instances where the Tenth Circuit applied § 1927 in the context of frivolous litigation positions advocated by attorneys on behalf of clients.

Accordingly, the factual findings made by the district court dictate a fee award under § 1927.  The district court's refusal to award such fees was premised upon an error of law and should be reversed.

## I.     DORSEY DOES NOT DISPUTE THE FACTS RELIED UPON BY DEFENDANTS' CROSS-APPEAL.

Defendants' opening brief demonstrated that the factual findings of the district court dictate an award of fees against BIAX's counsel, Dorsey, under § 1927.  OB 63-68.[2]  Dorsey's opposition disputes Defendants' position regarding the legal standard for a fee award under § 1927, but does not dispute the relevant factual findings of the district court.

In particular, Dorsey does not dispute that the infringement accusations in this case were pursued by "essentially ignoring the Court's previous rulings" and that this "prolonged the litigation in bad faith." A11-13.  There is also no dispute that these findings of the district court apply to Dorsey—the one who actually engaged in the conduct found to constitute bad faith disregard of previous court orders—at least as much as they apply to BIAX.

---

[2] "OB" is the Defendant-Appellent's Opening Brief.  "DRB" is Dorsey's Response Brief.  "BRB" is BIAX's Response Brief.

As pointed out in Defendants' opening brief, Dorsey participated in claim construction proceedings, served infringement contentions both before and after the claim construction ruling, defended the deposition of BIAX's technical expert, and submitted the summary judgment opposition arguments that contradicted the district court's previous rulings.  OB 65-66.  Dorsey attempts to characterize these as "factual issues," but does not dispute the uncontestable bottom-line fact that Dorsey is the one who engaged in the conduct found by the district court to constitute bad faith disregard of previous court orders.   DRB 12.

## II.    DORSEY FAILS TO IDENTIFY ANY VIABLE BASIS FOR THE DISTRICT COURT'S EXERCISE OF DISCRETION.

In view of the factual findings of the district court, noted above, no basis exists for declining to award fees against Dorsey under § 1927. As explained in Defendants' opening brief, the law in the Tenth Circuit is that "any conduct that, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,' is sanctionable" under § 1927.  *See Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008).  The Tenth Circuit has similarly explained that § 1927 requires "attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims."  *See*

4

*Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224 (10th Cir. 2006).

Dorsey's conduct in "prolong[ing] the litigation in bad faith" by

"essentially ignoring the Court's previous rulings" easily meets the

Tenth Circuit's legal standard.

      Dorsey's opposition offers no explanation for why its misconduct in

this case somehow falls short under the Tenth Circuit law noted above.

Instead, Dorsey cites older Tenth Circuit cases for the general

proposition that § 1927 is an "extreme standard" that is "strictly

construed." DRB 8. But these generalized assertions fail to provide any

basis for concluding that Dorsey's misconduct in this case does not meet

these standards. Section 1927 may set an "extreme standard," but a

district court's finding of bad faith disregard of previous court orders

presents an extreme case. In fact, Dorsey's misconduct goes beyond the

Tenth Circuit's standard for § 1927 fees because the Tenth Circuit "does

not require a finding of bad faith." *See Hamilton,* 519 F.3d at 1202.

      Dorsey further asserts that the Tenth Circuit seeks to avoid

discouraging attorneys from "legitimate zeal" in advocating a client's

positions. DRB 8. But Dorsey's attempt to pursue infringement

accusations by "essentially ignoring the Court's previous rulings" is the

exact opposite of **legitimate** advocacy.  In essence, Dorsey is proposing a blanket exemption from § 1927 for any misconduct undertaken by attorneys for the purpose of advocating a client's litigation positions. No support is provided by Dorsey for this sweeping exemption, and it is contrary to Tenth Circuit precedent.

In *Dreiling v. Peugot* (cited in Dorsey's brief), the Tenth Circuit affirmed a fee award under § 1927 based, in part, on a finding that plaintiff and its counsel "continued to assert claims for liability against [defendant] with knowledge that they had no factual or legal basis or claim of liability against him."  *See Dreiling v. Peugeot Motors of Am., Inc.,* 768 F.2d 1159, 1163-64 (10th Cir. 1985).  In *Doyle v. Oklahoma Bar Association*, the Tenth Circuit ordered cause to be shown why fees should not be awarded under § 1927 against an attorney who "persisted on appeal in arguments which are utterly baseless, and patently inconsistent with a massive body of authority," as well as other similar misconduct.   998 F.2d at1571 .  Moreover, as noted above, the Tenth Circuit has explained that § 1927 requires "attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims."  *See Steinert,* 440 F.3d at 1224.  These holdings rebut Dorsey's

6

assertion that § 1927 does not apply to advocating frivolous litigation positions on behalf of a client.

Moreover, as noted in Defendants' opening brief, this Court has explained that attorneys have "an obligation to the court and should not blindly follow the client's interests if not supported by law and facts" and that "attorneys are always charged with the 'obligation to file cases reasonably based in law and fact and to litigate those cases in good faith.'" *See Taurus IP,* 726 F.3d at 1329; *Eon-Net LP,* 653 F.3d at 1327, 1328. Dorsey's opposition conjectures that the Tenth Circuit may somehow disagree with this Court's straightforward articulation of an attorney's basic duty. DRB 6-7. As explained above, however, the Tenth Circuit has repeatedly held that § 1927 encompasses misconduct of an attorney in advocating frivolous litigation positions.

Dorsey further speculates that there may have been something the district court saw in observing the "conduct of BIAX counsel first-hand over an extended period" that led to denial of fees under § 1927. DRB 10. But the district court's Order states exactly what it saw—that BIAX and Dorsey pursued their case by "essentially ignoring the

Court's previous rulings" and that this "prolonged the litigation in bad faith." A11-13.

There is no principled reason, nor was any identified by the district court or Dorsey, why the factual findings of the district court somehow do not fully apply to Dorsey. Indeed, Dorsey is the one who was directly engaged in conducting all of the proceedings that formed the basis for the district court's findings. OB 65-66. Notwithstanding these facts, the district court concluded that Dorsey should not be held accountable under the principle of "zealous advocacy" because the court already placed responsibility "squarely on BIAX." A22. This ruling is legally-erroneous for the reasons given above.

## III. DORSEY'S ARGUMENT REGARDING DIFFERENCES BETWEEN § 285 AND § 1927 IS MERITLESS.

In an apparent attempt to shift focus from the district court's factual findings regarding BIAX's and Dorsey's bad faith disregard of court orders, Dorsey introduces a strawman argument regarding comparison of the relevant legal standards for §§ 285 and 1927. DRB 10-14. But Defendants' cross-appeal is not based upon any such comparison. Defendants' position is that the factual findings of the district court dictate an award of fees under Tenth Circuit precedent

regarding § 1927.  Whether the legal standard for awarding fees under § 285 is higher or lower is simply irrelevant.[3]

Nor do any of the cases cited by Dorsey for the alleged proposition that § 1927 has a higher threshold than § 285 have any relevance to application of Tenth Circuit law to the facts at issue here.  *See Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.,* 607 F.3d 817, 833-34 (Fed. Cir. 2010) (holding that a fee award made without specific findings regarding bad faith did not comply with Second Circuit law that "factual findings of bad faith must be characterized by a high degree of specificity"); *Raylon, LLC v. Complus Data Innovations, Inc.,* 700 F.3d 1361 (Fed. Cir. 2012) (noting the "higher level of culpability" required for § 1927 fees under Fifth Circuit law); *Onstar, LLC v. Micral, Inc.,* No. 1:08 CV 2047, 2010 WL 2756951 (N.D. Ohio July 12, 2010) (declining to award fees because attorneys acted appropriately while attempting to withdraw); *E-Pass Technologies, Inc. v. 3Com Corp.,* Nos. C-00-2255-DLJ, C-03-4747 DLJ, C-04-0528 DLJ, 2007 WL 4170514, at

---

[3] Dorsey's contrast of § 1927 with the standard adopted in *Octane Fitness* for § 285 is not only irrelevant, but is also misleading.  The district court's analysis was conducted pre-*Octane Fitness*, under the higher standard for § 285 fees in effect at the time.  That is why the district court evaluated bad faith and found that BIAX and Dorsey "prolonged the litigation in bad faith."  A13.

*7 (N.D. Cal. Nov. 14, 2007) (declining to award fees because attorneys "did not disobey any specific order of the Court" and did not engage in sustained misconduct); *Nexmed Holdings, Inc. v. Block Inv., Inc.,* No. 2:04-CV-288 TS, 2006 WL 1880156 (D. Utah July 6, 2006) (awarding fees under § 285 due, in part, to finding of willful infringement and finding that other alleged misconduct was insufficient to award fees under § 1927).

Dorsey is also incorrect that § 1927 should not be applied here in order to avoid introducing a "damaging barrier between parties and their counsel." DRB 13-14. There absolutely should be a barrier preventing attorneys from assisting clients in pursuing unreasonable litigation positions. Imposing fee awards against attorneys who engage in such misconduct properly aligns attorney and client interests by providing a shared incentive to avoid unreasonable positions, which can potentially expose everyone to fee awards.

Further, Dorsey's citation of the Colorado Rules of Professional Conduct for the proposition that an attorney should follow a client's decisions "concerning the objectives of the representation" in no way suggests that an attorney is free to pursue such objectives by pressing

unreasonable accusations.  DRB 14.  Rather, as noted in the Comments to the Rule cited by Dorsey, a client's decisions should be followed "within the limits imposed by law and the lawyer's professional obligations."  Colo. Rules of Prof'l Conduct 1.2(a) cmt.1.

Finally, Dorsey's insinuation that it was directed by its client to take the unreasonable positions at issue is not only irrelevant, but also lacks support in the record.  In fact, BIAX asserts that the "decision was left to its counsel" whether it was reasonable to continue litigating. BRB 44.  In short, there is no one more culpable than Dorsey for the misconduct found by the district court in this case.

## IV.  DORSEY'S MISCONDUCT IS REINFORCED BY THE PARTIES' POSITIONS ON APPEAL.

Dorsey's culpability for the misconduct found by the district court is further reinforced by the contrast between BIAX's present positions on appeal versus the positions taken by Dorsey below.  The lead argument that Dorsey made to the district court in support of its infringement accusations was that the court's claim construction ruling did not apply to the asserted claims.  A1284-86.  As Defendants pointed out below, this argument was premised on an unreasonable assumption that the district court's constructions applied only to claims that were

11

not even asserted at the time of claim construction proceedings. A1326-27. It also disregarded the district court's explicit statement that BIAX would not argue to the contrary of the court's construction at trial. *Id.*

On appeal (represented by new counsel), BIAX does not even attempt to justify the frivolous argument relied upon by Dorsey below. Instead, BIAX offers a brand new theory that it supposedly believed the district court's claim construction was restricted to whatever BIAX chose to include within the scope of the term "computer" in the claim preambles. BOB 20-26. As explained in Defendants' opposition brief, this new "computer" theory is not only meritless but is also contradicted by positions taken by BIAX and Dorsey in the proceedings below. OB 46-53. The fact that even BIAX itself is now unwilling to stand behind the litigation positions advocated by Dorsey below further reinforces Dorsey's culpability for the misconduct found by the district court.

## CONCLUSION

For the foregoing reasons, the district court's denial of attorney's fees under 28 U.S.C. § 1927 should be reversed.

Dated:  September 12, 2014

Respectfully submitted,

By: /s/ *David Rokach**
David Rokach
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-3169
david.rokach@kirkland.com

By: */s/ Mark S. Davies*
Mark S. Davies
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
Telephone: (202) 339-8400
mark.davies@orrick.com

*Attorney for Defendants-Cross-Appellants, Sony Computer Entertainment America LLC and Sony Electronics, Inc.*

*Attorney for Defendant-Cross-Appellant, NVIDIA Corporation*

\* Counsel for Sony has consented to NVIDIA's ECF filing of this document.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 15, 2014, I caused the Reply Brief of Defendants-Cross Appellants NVIDIA Corp., Sony Computer Entertainment America LLC and Sony Electronics, Inc., to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send e-mail notification of such filing to the counsel record.

Dated:  September 15, 2014            Respectfully submitted,

By: /s/ Mark S. Davies
ORRICK, HERRINGTON
 & SUTCLIFFE LLP

## CERTIFICATE OF COMPLIANCE
## UNDER FEDERAL RULES OF APPELLATE PROCEDURE
## 32(A)(7) AND FEDERAL CIRCUIT RULE 32

Counsel for Defendants-Cross Appellants NVIDIA Corporation, Sony Computer Entertainment America LLC and Sony Electronics, Inc. certify that the brief contained herein has a proportionally spaced 14-point typeface and contains 2,382 words, based on the "Word Count" feature of Word 2007, including footnotes and endnotes. Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b), this word count does not include the words contained in the Certificate of Interest, Table of Contents, Table of Authorities, Abbreviations, and Statement of Related Cases.

Dated:      September 15, 2014            Respectfully submitted,

                                  By: */s/ Mark S. Davies*
                                  Mark S. Davies
                                  ORRICK, HERRINGTON
                                   & SUTCLIFFE LLP