# United States Court of Appeals
# for the Federal Circuit

---

**BIAX CORPORATION,**
*Plaintiff-Appellant,*

v.

**NVIDIA CORPORATION,**
*Defendant/Cross-Appellant,*

**AND**

**SONY COMPUTER ENTERTAINMENT AMERICA, INC.**
**AND SONY ELECTRONICS, INC.,**
*Defendants/Crosss-Appellants.*

---

2013-1649, 1653, 1654

---

Appeal from the United States District Court for the District of
Colorado in Case No. 09-CV-1257, Hon. Philip A. Brimmer.

---

**RESPONSE BRIEF OF CROSS-APPELLEE**

Peter M. Lancaster
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: 612-340-2600
Facsimile: 612-340-2868

Van Aaron Hughes
DORSEY & WHITNEY LLP
1400 Wewatta St., Suite 400
Denver, CO 80202-5549
Telephone:303-629-3400
Facsimile:  303-629-3450

*Attorneys for Cross-Appellee Dorsey & Whitney LLP*

## CERTIFICATE OF INTEREST

Counsel for Cross Appellee Dorsey & Whitney LLP certifies the followg:

1.      We represent Dorsey & Whitney LLP;

2.      The name of the real party in interest (if the party named in thecaption is not the real party in interest) represented is Dorsey & Whitney LLP;

3.      Dorsey & Whitney LLP has no parent entity and no publicly held entity owns 10 percent or more of Dorsey & Whitney LLP;

4.      The following law firms and partners or associates appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court; Steven J. Merker, Tucker K. Trautman, Dorsey & Whitney LLP.

## STATEMENT OF RELATED CASES

This Court has considered a prior appeal in the same civil action, Appeal No.

2012-1387.

# TABLE OF CONTENTS

Table of Authorities ................................................................................... iv

COUNTER-STATEMENT OF ISSUE ...................................................1

SUMMARY OF THE ARGUMENT .......................................................1

STATEMENT OF THE CASE..................................................................2

STANDARD OF REVIEW .....................................................................4

ARGUMENT ..........................................................................................6

I.    THE DISTRICT COURT PROPERLY FOLLOWED TENTH CIRCUIT
      LAW APPLYING 28 U.S.C. § 1927 ...............................................6

II.   THE DISTRICT COURT'S FEE AWARD UNDER § 285 DOES NOT
      COMPEL AN AWARD OF SANCTIONS UNDER § 1927 ......................10

CONCLUSION ......................................................................................14

COUNTER-STATEMENT OF ISSUE ...................................................1

SUMMARY OF THE ARGUMENT .......................................................1

STATEMENT OF THE CASE..................................................................2

STANDARD OF REVIEW .....................................................................4

ARGUMENT ..........................................................................................6

I.    THE DISTRICT COURT PROPERLY FOLLOWED TENTH CIRCUIT
      LAW APPLYING 28 U.S.C. § 1927 ...............................................6

II.   THE DISTRICT COURT'S FEE AWARD UNDER § 285 DOES NOT
      COMPEL AN AWARD OF SANCTIONS UNDER § 1927 ......................10

CONCLUSION ......................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*,
607 F.3d 817 (Fed. Cir. 2010) ...................................................................4, 7, 13

*Bixler v. Foster*,
403 Fed. Appx. 325 (10th Cir. 2010)...................................................................5

*Braley v. Campbell*,
832 F.2d 1504 (10th Cir. 1987) ..........................................................5, 8, 10, 14

*Cessna Aircraft Co. v. Avcorp Indus.*,
2103 WL 1858530 (D. Kan. May 1, 2013) ........................................................12

*Danielson-Holland v. Standley and Assocs., LLC*,
512 Fed. Appx. 850 (10th Cir. 2013)...................................................................4

*Dreiling v. Peugeot Motors of Am., Inc.*,
768 F.2d 1159 (10th Cir. 1985) ..................................................................5, 8, 11

*E-Pass Technologies, Inc. v. 3Com Corp.*,
2007 WL 4170514 (N.D. Cal. Nov. 14, 2007) ...................................................13

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) ...........................................................................7

*Kiefel v. Las Vegas Hacienda, Inc.*,
404 F.2d 1163 (7th Cir. 1968) ..............................................................................4

*Hamilton v. Boise Cascade Express*,
519 F.3d 1197 (10th Cir. 2008) ............................................................................9

*Nexmed Holdings, Inc. v. Block Investment, Inc.*,
2006 WL 1880156 (D. Utah July 6, 2006) ....................................................8, 13

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014)...............................................................................5, 8, 11

*Onstar, LLC v. Micral, Inc.*,
2010 WL 2756951 (N.D. Ohio 2010)..................................................................13

*Phonometrics, Inc. v. Westin Hotel Co.*,
  350 F.3d 1242 (Fed. Cir. 2003) ................................................................5, 7, 12

*Phonometrics v. ITT Sheraton Corp.*,
  64 Fed. Appx. 219 (Fed. Cir. 2003)....................................................................13

*Raylon, LLC v. Complus Data Innovations, Inc.*,
  700 F.3d 1361 (Fed. Cir. 2012) ................................................................8, 11, 13

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*,
  465 F.3d 642 (6th Cir. 2006) ................................................................................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013) ...........................................................................7

*White v. American Airlines*,
  915 F.2d 1414 (10th Cir. 1990) ................................................................5, 8, 11

## Statutes

28 U.S.C. § 1927 ................................................................................*passim*

35 U.S.C. § 285 .................................................................................*passim*

## Other Authorities

Colo. Rules of Professional Conduct 1.2 (a) .........................................................14

Fed. R. Civ. P. 11 .............................................................................................8, 11

H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980
  U.S.C.C.A.N. 2716, 2781-82..........................................................................5, 8

## COUNTER-STATEMENT OF ISSUE

1.     Whether the district court abused its discretion in declining to award fees under 28 U.S.C. § 1927, based on its finding that counsel's conduct did not exceed the bounds of zealous advocacy.

## SUMMARY OF THE ARGUMENT

The cross-appeal in this matter is directed entirely against BIAX's counsel, Dorsey & Whitney LLP.  Cross-Appellants contend that the district court erred by not awarding fees against counsel pursuant to 28 U.S.C. § 1927.  Prinicipal and Response Brief of Defendants-Cross Appellants ("Cross-App. Br.") at 62-72.

The decision whether to impose sanctions under 28 U.S.C. § 1927, however, is left to the district court's discretion.  Here, the district court twice exercised its discretion to deny sanctions against BIAX's counsel, considering all Cross-Appellants' arguments and still finding that counsel's conduct did not exceed the bounds of zealous advocacy.  Cross-Appellants have failed to demonstrate any abuse of discretion.

Cross-Appellants assert that the district court's approval of counsel's "zealous advocacy" was contrary to Federal Circuit law.  But § 1927 sanctions are subject to *Tenth Circuit* law, which strictly construes § 1927 so as not to dampen the legitimate zeal of counsel.  Cross-Appellants' contention that § 1927 fees should be awarded because they may have difficulty collecting from BIAX all fees

1

awarded under 35 U.S.C. § 285 is similarly misguided, because collectability is not a factor courts in the Tenth Circuit have considered in deciding § 1927 sanctions.

Cross-Appellants insist that the district court's award of fees against BIAX under § 285 compels a fee award against its counsel under § 1927. But the two provisions apply different standards. While the Supreme Court has taken a liberal approach to fee awards under § 285, sanctions under § 1927 remain subject to the Tenth Circuit's "extreme standard." It is common for courts to award fees under § 285 but not § 1927. The district court did not abuse its discretion in reaching that result here.

## STATEMENT OF THE CASE

BIAX brought this action on May 29, 2009, *see* Complaint, Appendix – Confidential Volume, at pages 262-268 (hereinafter in the format, "A___"), for infringement of U.S. Patent Nos. 5,517,628 A40-85, the "`628 patent") and 6,253,313 (A86-127, the "`313 patent"), which relate generally to parallel processing computer systems which use two or more condition code registers. *See* Amended Complaint, A348-58.

*Claim Construction*. The district court conducted its *Markman* hearing on May 27, 2010. Defendants asked the court to include the limitation "shared by all processor elements" in its construction of "condition code register" throughout the `628 patent and "condition storage" throughout the `313 patent. Defendants'

2

Opening *Markman* Brief, A597-643, at 14.  BIAX argued that the "shared by all"

limitation applied only to the claims expressly stating that concept.  BIAX

Corporation's Opening Claim Construction Brief, A892-929, at 23-24.  The court

rejected Defendants' proposed construction in its *Markman* order, Order Regarding

Claim Construction, A1121-68, at 37, and later denied Defendants' "motion for

clarification."  A1203-04.

*Summary Judgment*.  Over a year after the court's *Markman* ruling,

Defendants moved for summary judgment, again arguing that the terms "condition

code register" and "condition storage" in the asserted patents always include the

"shared by all" concept, and condition code registers or condition storage is not

shared by all processors across the accused GPUs.  The district court agreed and

entered summary judgment of non-infringement on February 15, 2012.  A1896-

1905.  This Court affirmed on March 18, 2013.

*Fees Motion*.  Defendants moved for fees under 35 U.S.C. § 285 and 28

U.S.C. § 1927, arguing that in light of language in the district court's *Markman*

ruling, BIAX had no tenable theory of infringement.  A2105-20.  BIAX responded

that it had a reasonable basis for maintaining its action after the *Markman* ruling,

because: (i) the court's claim construction order appeared consistent with BIAX's

understanding that the "shared by all" limitation only applied to those patent

claims that incorporated the construed language; (ii) the accused structures

3

incorporated into the complete accused games (*i.e.*, the individual fragment shares, vertex processing engines and streaming multiprocessors) satisfied the "shared by all" limitation, an argument the district court did not consider before summary judgment; and (iii) the "shared by all" limitation could not apply to BIAX's method claims against the accused games, in part because those claims did not include the construed "shared by all" limitation.  A2121-37.  The district court awarded fees against BIAX under § 285, but denied the motion for fees against BIAX's counsel under § 1927.  A1-17.

*Motion for Reconsideration*.  Defendants moved for reconsideration, again asking the court to award fees against counsel as a sanction under § 1927, and Dorsey & Whitney LLP responded as to the § 1927 issue.  The district court denied the motion, holding that counsel's conduct did not meet the extreme standard of a "serious and studied disregard for the orderly processes of justice," A18-23 at 3 (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968)), but rather had remained within "the bounds of zealous advocacy."  *Id.* at 5.

## STANDARD OF REVIEW

Unlike fee awards applying § 285, rulings as to sanctions under § 1927 are governed by the law of the regional circuit.  *See*, *e.g.*, *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010).  The Tenth Circuit reviews § 1927 orders for abuse of discretion.  *E.g.*, *Danielson-*

4

*Holland v. Standley and Assocs., LLC*, 512 Fed. Appx. 850, 853 (10th Cir. 2013);

*Bixler v. Foster*, 403 Fed. Appx. 325, 326 (10th Cir. 2010).  As this Court has

emphasized, under this standard "[w]e … *review* the district court's decision.

Thus, the issue is not whether we would award sanctions, but whether, applying

the appropriate, deferential review standard, we must sustain the district court's

decision." *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1250 n.10 (Fed.

Cir. 2003) (emphasis in original).  The logic underlying the Supreme Court's

recent ruling relating to § 285, *see Octane Fitness, LLC v. ICON Health & Fitness,*

*Inc.*, 134 S. Ct. 1749 (2014), confirms the appropriateness of applying the abuse of

discretion level of review to the district court's decision as to attorney fees in this

case as well.

    The Tenth Circuit regards § 1927 as an "extreme standard," *White v.*

*American Airlines*, 915 F.2d 1414, 1427 (10th Cir. 1990), to be "strictly

construed."  *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th

Cir. 1985).  The Tenth Circuit applies this extreme standard because of "the

importance of ensuring that § 1927 'in no way will dampen the legitimate zeal of

an attorney in representing his client.'"  *Braley v. Campbell*, 832 F.2d 1504, 1512

(10th Cir. 1987) (en banc) (quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d

Sess. 8, *reprinted in* 1980 U.S.C.C.A.N. 2716, 2781-82).

## ARGUMENT

The district court concluded that in litigating this action, BIAX's counsel did not exceed the bounds of zealous advocacy. To overturn the court's holding, Cross-Appellants must demonstrate that this determination constituted an abuse of the court's discretion. Cross-Appellants have failed to meet this standard. The district court properly followed Tenth Circuit law in applying § 1927. There is no basis for Cross-Appellants' suggestion that a fee award under § 285 necessarily also compels an award of sanctions under § 1927.

## I.     THE DISTRICT COURT PROPERLY FOLLOWED TENTH CIRCUIT LAW APPLYING 28 U.S.C. § 1927

Likely recognizing that they cannot establish that the district court abused its discretion in refusing to issue sanctions under § 1927, Cross-Appellants present little or no argument explaining how any abuse of discretion occurred. Instead, in their second argument in support of their cross-appeal, Cross-App. Br. at 68-72, Cross-Appellants rely on Federal Circuit law to argue that the district court erred as a matter of law. They assert that the district court's finding that counsel acted in accordance with the principle of "zealous advocacy" is contrary to Federal Circuit law: "*This Court* has refused to allow the principle of 'zealous advocacy' to serve as an excuse for unreasonable litigation positions." Cross-App. Br. at 71; *see also id.* at 68 ("*This Court* has expressed concern …"), 71 ("*This Court* has similarly held …") (emphasis added). Cross-Appellants' argument is misguided, because

6

the issue is governed by Tenth Circuit law, under which § 1927 is construed so as not to dampen attorneys' legitimate zeal. Moreover, the Tenth Circuit has not considered a defendant's ability to collect fees from another party as a factor under § 1927.

Cross-Appellants concede the applicability of Tenth Circuit law but simultaneously argue that different law should apply. Cross-Appellants' reliance on Federal Circuit law supposedly contrary to the district court's application of § 1927 is misplaced. This Court applies the law of the regional circuit, in this case the Tenth Circuit, to sanctions rulings under § 1927. *See*, *e.g.*, *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, *supra*, 607 F.3d at 833. Cross-Appellants elsewhere acknowledge that Tenth Circuit law controls, Cross-App. Br. at 64 n.9 (citing *Phonometrics, Inc. v. Westin Hotel*, *supra*, 350 F.3d at 1246), yet they make little effort to argue that the district court failed to follow Tenth Circuit law applying § 1927.

Compounding their error, Cross-Appellants rely on Federal Circuit authority discussing the limits of "zealous advocacy" in the context of § 285, *not* § 1927. *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011); *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1329 (Fed. Cir. 2013). But § 285 applies a different standard than § 1927. *See* discussion *infra* at 10-14. In particular, a case may be exceptional under § 285 even in the absence of

7

sanctionable conduct under Rule 11, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, *supra*, 134 S. Ct. at 1756-57; in contrast, this Court has stated that "[e]stablishing attorney misconduct under § 1927 implicates a *higher* level of culpability than Rule 11." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 n.6 (Fed. Cir. 2012) (emphasis added).

The district court's holding that BIAX's counsel acted within the bounds of zealous advocacy directly follows Tenth Circuit law, which requires courts to apply a high standard to fees motions under § 1927 so as not to discourage zealous advocacy. The Tenth Circuit emphasizes that § 1927 is an "extreme standard." *White v. American Airlines*, *supra*, 915 F.2d at 1427; *see also Nexmed Holdings, Inc.v. Block Investment, Inc.*, 2006 WL 1880156 (D. Utah July 6, 2006). The power to assess fees under § 1927 "must be strictly construed." *Dreiling v. Peugeot Motors*, *supra*, 768 F.2d at 1165. Only attorneys who act with "serious and studied disregard for the orderly process of justice" are subject to fee awards. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). The Tenth Circuit imposes this "extreme standard" specifically to ensure that § 1927 in no way dampens the "legitimate zeal" of an attorney representing his client. *Id.* (citing H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S.C.C.A.N. 2716, 2781-82); *accord*, *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) ("The purpose [of §

8

1927] is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy."). What Cross-Appellants attempt to characterize as a legal error by the district court is instead directly in line with the controlling Tenth Circuit authority.

Cross-Appellants virtually ignore all this controlling Tenth Circuit authority; instead, the only Tenth Circuit case law they cite (some nine times in their § 1927 argument) is *Hamilton v. Boise Cascade Express*, 519 F.3d 1197 (10th Cir. 2008). *See* Cross-App. Br. at 64, 66, 67, 69. Yet that case illustrates why it would be wrong for this Court to reverse the decision of the district court here. Recognizing the discretion afforded the decision of the district court, the Tenth Circuit affirmed the district court's § 1927 award of less than $8,000 in fees, rejecting multiple factual arguments and alleged legal error. The attorney bad faith on which that sanction was based is wholly unlike the advocacy criticized here. There, both the district court and the Tenth Circuit focused on the offending lawyer's blatant dishonesty: the lawyer "misrepresented [the opposing party's] position and the terms of the settlement agreement … It's very disingenuous." *Id*. at 1202. Nothing of the sort occurred in this case, and no party has argued to the contrary.

Cross-Appellants mischaracterize the district court's holdings as accepting zealous advocacy as "an excuse for the misconduct of BIAX's attorneys," as if zealous advocacy were some sort of affirmative defense under § 1927. Cross-App.

Br. at 71. To the contrary, the district court stated that counsel acted within the bounds of zealous advocacy in finding that counsel did *not* engage in sanctionable misconduct. A18-23. This determination was independent of the district court's holding that BIAX was responsible for fees under § 285. *Id.*

Moreover, while Cross-Appellants emphasize their concern as to whether they will succeed in collecting their fees from BIAX, Cross-App. Br. at 67-68, none of the controlling Tenth Circuit case authority treats this as a relevant consideration under § 1927. As the district court recognized, the issue in deciding fees is whether attorneys have acted with "serious and studied disregard for the orderly process of justice." *Braley*, *supra*, 832 F.2d at 1512; see A18-23, at 3. This has nothing to do with Cross-Appellants' professed concern as to the collectability of their award against BIAX, assuming it survives this appeal.

With respect to Cross-Appellants' fees motion under § 1927, the district court properly focused on counsel's conduct. Having seen the conduct of BIAX counsel first-hand over an extended period, its conclusion that counsel acted within the bounds of zealous advocacy correctly applies the rule of law in the Tenth Circuit.

## II.  THE DISTRICT COURT'S FEE AWARD UNDER § 285 DOES NOT COMPEL AN AWARD OF SANCTIONS UNDER § 1927

Ignoring the discretionary nature of § 1927 sanctions, Cross-Appellants suggest that the district court's award of fees against BIAX under 35 U.S.C. § 285

10

compels a parallel award of fees against BIAX's counsel under 28 U.S.C. § 1927. Cross-App. Br. at 63-68. But no such parallel exists. The two provisions apply markedly different standards. Section 285 does not impose the "extreme standard" the Tenth Circuit applies to § 1927. Section 1927 requires a higher standard, with a specific focus on attorney misconduct rather than simply on a party's litigation positions. Indeed, courts commonly award fees under § 285 while not awarding fees under § 1927. For this Court to disregard the Tenth Circuit's rule and diminish the standard for § 1927 sanctions would create an unwelcome barrier between attorneys and their clients.

As shown above, in the Tenth Circuit § 1927 carries an "extreme standard," *White*, *supra*, to be "strictly construed." *Dreiling*, *supra*. In sharp contrast, as the Supreme Court has recently emphasized, § 285 does not impose any such "high standard of proof." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, *supra*, 134 S. Ct. at 1758. The Supreme Court expressly contrasted § 285 with "narrow" exceptions to the American rule that require bad faith or vexatious conduct. *Id.* Thus, under *Octane Fitness*, § 285 carries a *lower* standard than Rule 11, *id.* at 1756-57, in sharp contrast to § 1927, which "implicates a *higher* level of culpability than Rule 11." *Raylon, LLC v. Complus Data Innovations, Inc.*, *supra*, 700 F.3d at 1370 n.6 (emphasis added).

11

Further, the two standards focus on different aspects of litigation. In order to satisfy the Tenth Circuit's exacting standard, the § 1927 inquiry focuses particularly on attorney misconduct rather than simply the validity of a party's litigation positions. For example, in *Cessna Aircraft Co. v. Avcorp Indus.*, 2103 WL 1858530 (D. Kan. May 1, 2013), the court denied a request for fees under § 1927 because the request was based on the party's litigation positions and not on specific attorney misconduct:

> [Section 1927] allows for an award of fees and costs against an attorney. Defendant's motion, however, is directed to unreasonable and vexatious actions by plaintiff. . . . [B]ecause defendant has not provided specific instances of misconduct by plaintiff's counsel, the court declines defendant's request.

*Id.* at *21.

Cross-Appellants cite several facts that they argue prevent the district court's separate treatment of the party and its counsel. Cross-App. Br. at 66. Such factual arguments undercut Cross-Appellants' claim that their disagreement with the district court's decision is one of law rather than fact. Factual issues are quintessentially matters for the exercise of trial court discretion. The district court's first-hand exposure to the parties and counsel is a key reason underlying the constrained review appellate courts are required to apply to district court determinations under either § 285 or § 1927. *See Phonometrics, Inc. v. Westin Hotel Co.*, *supra*, 350 F.3d at 1250 & n.10 (emphasizing that the district court's fee

12

award was "made with the benefit of the history of all of [plaintiff's] efforts to enforce" its patents, experience to which this Court defers).

Cross-Appellants assert that facts supporting a fee award under § 285 necessarily also require sanctions under § 1927. In fact, courts commonly decline to impose sanctions under § 1927 even while awarding fees under § 285. *See*, *e.g.*, *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833-34 (Fed. Cir. 2010); *Onstar, LLC v. Micral, Inc.*, 2010 WL 2756951 (N.D. Ohio 2010); *E-Pass Technologies, Inc. v. 3Com Corp.*, 2007 WL 4170514 (N.D. Cal. Nov. 14, 2007); *Nexmed Holdings*, *supra*.[1]  Similarly, in *Raylon, LLC v. Complus Data Innovations*, *supra*, this Court vacated the lower court's denial of fees under § 285, but left the court's denial of fees under § 1927 undisturbed. 700 F.3d at 1370 n.6. Cross-Appellants' assumption that a fee award under § 285 necessarily also supports a fee award under § 1927 does not withstand scrutiny.

For this Court to hold that fees must be awarded under § 1927 whenever they are available under § 285 would create a damaging barrier between parties

---

[1] Cross-Appellants cite two cases as examples of this Court's affirmance of liability under both § 285 and § 1927. *See* Answer Brief at 70. One of the two is cited in error. *See Phonometrics v. ITT Sheraton Corp.*, 64 Fed. Appx. 219 (Fed. Cir. 2003) (affirming fee award under § 285 but vacating award under § 1927). Cross-Appellants cite no case in which this Court has reversed a district court's denial of § 1927 sanctions. Of course, the fact that in some cases fees may be appropriate under both provisions does not establish the very different proposition that Cross-Appellants seek to establish: that a liability finding under § 285 in this case compels a liability finding under § 1927. The multiple counter-examples cited above demonstrate Cross-Appellants' error.

and their counsel in patent infringement actions.  Subjecting attorneys to sanctions based solely on presenting a client's litigation position to a court would disrupt attorneys' ability to carry out client decisions, interfering with their ethical obligations to their clients.  *See* Colo. Rules of Professional Conduct 1.2 (a) ("a lawyer shall abide by a client's decisions concerning the objectives of representation").  This is the very threat to a lawyer's ability to represent a client with "legitimate zeal" that the Tenth Circuit has sought to prevent.  *Braley v. Campbell*, 832 F.2d at 1512.  This Court should not undermine the Tenth Circuit's judgment on this issue under § 1927, which is subject to Tenth Circuit law.

## CONCLUSION

For the foregoing reasons, Cross-Appellee Dorsey & Whitney LLP respectfully requests that the Court affirm the judgment of the District Court declining to award fees under 28 U.S.C. § 1927.

Respectfully submitted August 28, 2014.

/s/ Van Aaron Hughes
Van Aaron Hughes
DORSEY & WHITNEY LLP
1400 Wewatta St., Suite 400
Denver, CO 80202-5549
Telephone: 303-629-3400
Facsimile:  303-629-3450
E-mail: hughes.aaron@dorsey.com

Peter M. Lancaster
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: 612-340-2600
Facsimile: 612-340-2868

*Counsel for Cross-Appellee*
*Dorsey & Whitney LLP*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

In accordance with Fed. R. App. P. 32(a)(7)(C), I certify that this brief is

proportionally spaced and contains 3,265 words.  I relied on my Microsoft Word

word processor to obtain this count.

*/s/ Van Aaron Hughes*
Van Aaron Hughes
DORSEY & WHITNEY LLP
Attorneys for Appellant
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
Telephone: 303.629.3400
E-mail: hughes.aaron@dorsey.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2014, I caused the foregoing document, titled RESPONSE BRIEF OF CROSS-APPELLEE, to be electronically filed with the Clerk of Court of the United States Court of Appeals for the Federal Circuit using the CM/ECF system which will send notification of such filing to the email addresses listed on the attached service list.

I further hereby certify that on August 28, 2014, I caused a physical copy of the foregoing document to be served by overnight delivery by a third-party commercial carrier to certain counsel for Appellant BIAX Corporation, Defendants-Appellees NVIDIA Corporation and Sony Corporation listed immediately below.

Christopher R. Ottenweller
c/o Amy Dalton
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650-614-7400

Mark S. Davies
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, D.C. 20005-1706
Telephone: 202-339-8400

David Rokach
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone: 312-862-2000

Christian C. Taylor
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: 650-859-7000

Christian C. Onsager
ONSAGER GUYERSON
FLETCHER JOHNSON
1801 Broadway, Suite 900
Denver, CO 80202

/s/ *Van Aaron Hughes*
Van Aaron Hughes
DORSEY & WHITNEY LLP
Attorneys for Cross-Appellee
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
Telephone: 303.629.3400
E-mail: hughes.aaron@dorsey.com